No. 10,124.

THE STATE, EX REL. BURFORD, *v.* JONES ET AL.

GRAVEL ROADS.—*Tolls.*—There is nothing in the statute concerning the organization of gravel road companies which prohibits them from inserting in their articles of association a clause that their roads shall be free. R. S. 1881, section 3624.

From the Montgomery Circuit Court.

*P. S. Kennedy,* *W. T. Brush,* *G. D. Hurley,* *B. Crane* and *E. C. Snyder,* for appellant.

*G. W. Paul,* *J. E. Humphries,* *G. W. Stafford* and *J. M. Thompson,* for appellees.

ELLIOTT, J.—The complaint assails the corporate existence of a gravel road corporation called the Crawfordsville, Walnut Fork and Shiloh Gravel Road Company, upon the ground that the articles of association contain a provision declaring that the road constructed by the corporation shall forever remain free.

The statute under which the appellees assumed to erect a corporation does not require that the articles of association shall state anything upon the subject of tolls, and the instrument would have been complete without the clause declaring the road a free one. Where articles of association contain all

the material provisions required by law, the force of the instrument will not be destroyed by the insertion of a provision not required by the law under which the corporation was organized, unless the provision is of such a character as to give the entire instrument an effect which will contravene the statute.

The statute provides that "Any number of persons may form themselves into a corporation for the purpose of constructing or owning plank, macadamized, gravel, clay, and dirt roads, by complying with the following requirements: They shall unite in articles of association, setting forth the name which they assume, the line of the route, and the place to and from which it is proposed to construct the road, the amount of capital stock, and the number of shares into which it is divided. The names and places of residence of the subscribers, and the amount of stock taken by each, shall be subscribed to said articles of association. Whenever the stock subscribed amounts to the sum of five hundred dollars per mile of the proposed road, copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass, and it shall, from that time, be a corporation known by the name assumed in its articles of association." R. S. 1881, sec. 3624. This section of the statute authorizes the incorporation of companies for the construction of a free or toll road, as the corporators may elect, for there are no limiting or restricting words, and we find no provision restricting the operation of the statute to toll roads.

One of the franchises granted is the right to collect tolls, and that is conferred in these words: "Whenever three consecutive miles of such road shall have been completed (or, if the whole of said road shall be less than three miles in length, then, in such case, when the whole of such road shall be completed), the directors of such company may erect toll-gates at such points and at such distances from each other as they may deem proper, and exact toll from persons travelling on the road." R. S. 1881, sec. 3640. This provision can not be con-

The State, *ex rel.* Burford, *v.* Jones *et al.*

strued to mean that all corporations created under the statute shall·exact tolls. The words are permissive, not mandatory, and we know of no rule of construction which would justify us in holding that the broad and comprehensive provisions of section 3624 are limited and restricted by them. Grants of corporate rights are construed strictly as against corporations, but liberally in favor of the public, and this familiar rule would lead us to favor the creation of corporations which give the travelling public free roads.

It can hardly be doubted that a corporation once in being might renounce the right to take toll, and if this be so we can see no reason why this purpose may not be avowed at the time of its creation. It may be unusual for corporations to build and maintain roads for the free use of the public, but their right to do it can not be questioned with any show of reason. One who should seek to forfeit a corporate charter by proving that the corporation would not take toll when it lawfully might, would not, we apprehend, find much favor from the courts or anybody else, and we can not see any difference between such a case and the one at our bar.

It is a mistake to suppose that the only franchise the statute confers is that of the right to take toll; there are others, notably the right to seize and appropriate lands, and the right to do business as a corporation with immunity from liability on the part of the corporators.

It is true that many of the provisions of the statute can have force only as against corporations charging toll, but this proves no more than that when toll is exacted these provisions apply; it is far from proving that all gravel road corporations are bound to charge toll.

Judgment affirmed.

Petition for a rehearing overruled.